IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-02-59 |
| | § | |
| TONY VALDEZ, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR SENTENCING TRANSCRIPT**

Pending before the Court is Defendant Tony Valdez's letter motion requesting a copy of his sentencing transcript at government expense, received by the Clerk on January 17, 2008. (D.E. 47.) For the reasons set forth herein, Valdez's motion is DENIED WITHOUT PREJUDICE.

**I. BACKGROUND**

Valdez pleaded guilty to the sole count of the indictment against him on May 3, 2002. (D.E. 17.) He was sentenced by this Court on August 21, 2002, and judgment was entered against him on September 6, 2002. (D.E. 29, 31.) He did not appeal. He subsequently filed a number of post-conviction motions, including a motion pursuant to 28 U.S.C. § 2255, all of which were denied. (See D.E. 33-39; 42-45.) Final judgment in his § 2255 proceedings was entered on December 2, 2003. (D.E. 45.) He did not appeal and has not filed any other motions since that time, until the instant motion.

In his motion, Valdez asserts that he is indigent and requests copies of his sentencing transcript, presumably at government expense. He does not explain why he needs the transcript, nor does he indicate that he intends to file any type of additional post-conviction motion in the future.

## II. ANALYSIS

Assuming that Valdez could establish that he is indigent,[1] an indigent defendant has a statutory right to free transcripts only in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f). As noted, Valdez has no pending suits or motions before the Court. Accordingly, he fails to meet the statutory requirements for free transcripts. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Valdez is seeking copies of his sentencing transcript at government expense, his motion is DENIED WITHOUT PREJUDICE. If Valdez is interested in receiving specific transcripts or documents at his own expense, he may contact the Clerk to request them. To that end, the Clerk is directed to provide Valdez with a copy of the docket sheet in his case, as well as instructions as to how to order transcripts at his own expense.

---

[1] Valdez has not submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motions on other grounds, it does not need to make a determination at this time as to whether Valdez is, in fact, indigent.

## III. CONCLUSION

For the foregoing reasons, Valdez's motion for transcripts (D.E. 47) is DENIED. The Clerk is directed, however, to send Valdez a copy of the docket sheet and instructions as to how to order transcripts at his own expense.

It is so ORDERED this 23rd day of January, 2008.

_____
Janis Graham Jack
United States District Judge